# IN THE UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF MARYLAND

**WILLIAM HARRY DONNELLY**, :
    #41680-083

    Petitioner, :

    v. :     Civil Action No. PJM-04-3977

**STEPHEN DEWALT, WARDEN**, :

    Respondent. :

o0o

## MEMORANDUM

Pending is a § 28 U.S.C. § 2241 petition for writ of habeas corpus filed *pro se* by William Harry Donnelly, a federal prisoner incarcerated at the Federal Correctional Institution in Cumberland, Maryland. In this habeas application, Petitioner challenges the calculation of his prison jail time credits. Respondent, Warden Stephen Dewalt, through counsel, has filed a Response to the Petition and a Motion to Dismiss and with a memorandum, affidavits, and other exhibits in support. Petitioner has filed a Reply. Upon review of the pleadings, affidavits, exhibits, and applicable law, the Court determines that no hearing is necessary, and the petition will be denied. See Local Rule 105.6.

### I. Petitioner's Claims

Petitioner contends that he is entitled to additional credit for jail time served in state custody. Specifically, Petitioner alleges he "... was denied full credit from my date of arrest until my sentence began. I should have been given full credit for the 16 months I was incarcerated...." Paper No. 1, Petition at 3. He asserts: "...I was arrested by the Government on May 24, 1994, not August 25, 1995, I would like my federal computation evaluated and adjusted to the correct date." Id. at 7.

## II.  Factual Background

Petitioner was arrested by Washington, D.C. authorities on May 25, 1994, as a fugitive from justice and released the following day. Paper No. 5, Exhibit 1, ¶ 3.  On May 27, 1994, Petitioner was arrested by Fairfax County, Virginia authorities and held in continuous custody by the state of Virginia until his release to federal custody on August 29, 1995.  See id, Attachment A, and ¶ 4.  On June 10, 1994, the U.S. Marshals Service issued a warrant for Petitioner for bank robbery.  Paper No. 5, Exhibit 1, ¶ 5.  On June 14, 1994, the Marshals Service lodged a detainer against Petitioner with Fairfax County.  Paper No. 5, Attachment B, Exhibit 1 at ¶ 5.[1]

On August 31, 1994, Petitioner received a three-year Virginia sentence for uttering and passing a forged object. Paper No. 5, Exhibit 1 ¶ 7, Attachment A. On August 29, 1995, Petitioner was paroled from his Virginia sentence. The next day, August 30, 1995, he was taken into federal custody by the U.S. Marshals Service based on the detainer. Paper No. 5, Attachment D.

After Petitioner pleaded guilty to federal bank robbery charges in the United States District Court for the District of Maryland, he was sentenced on September 6, 1996, to 169 months imprisonment.  See United States v. William Harry Donnelly, Criminal Action No. PJM-94-235 (D. Md. 1996).

In calculating Petitioner's sentence, the Bureau of Prisons (BOP) awarded Petitioner jail credits

---

[1]During that time, Petitioner remained in primary jurisdiction of the State of Virginia and his state sentence continued to run. He was temporarily transferred under the Interstate Agreement on Detainers to: Prince George's County, Maryland from October 28, 1994 to December 1, 1994; Montgomery County, Maryland from December 1, 1994 to March 9, 1995; Howard County, Maryland from March 9, 1995 to March 24, 1995; and Anne Arundel County, Maryland from March 24, 1995 to August 10, 1995. On August 10, 1995, he was returned to Fairfax County, Virginia. Paper No. 5, Exhibit 1, Attachment A and ¶ 4.

for: 1) May 24, 1994-May 25, 1994, the period Petitioner was in the custody of District of Columbia authorities; and 2) August 30, 1995 through September 5, 1996, the period he was in federal pre-trial custody. Petitioner was awarded a total of 375 days jail credit. Paper No. 5, Exhibit 1, ¶ 11, and Attachment F. His sentence was calculated to begin on September 6, 1996, the day of sentencing. Petitioner's projected release date with good conduct time is December 3, 2006. Paper No. 5, Exhibit 1, ¶ 12 and Attachment F.

### III.  Analysis

#### A.  Federal Sentencing Date

Petitioner contends that his sentence should have been calculated as of May 24, 1994, the date of arrest, instead of September 6, 1996, the date of sentencing. See Paper No. 1 at 7. By doing so, Petitioner is asserting that his federal sentence commenced prior to his entry into federal custody. There is, however, no factual or legal basis for this position.

After a federal district court sentences an offender, the Attorney General, through the BOP, has the responsibility for administering the sentence. See United States v. Wilson, 503 U.S. 329, 335 (1992). Computing a federal sentence requires separate determinations of: 1) when the sentence commenced; and 2) the time spent in custody to be credited. "The Bureau of Prisons, and not the courts, determines when a defendant's sentence starts and whether the defendant should receive credit for any time spent in custody." See United States v. Montez-Gaviria, 163 F.3d 697, 700-01 (2d Cir. 1998); see also 18 U.S.C. § 3585 (a) ("a sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to ... the official detention facility at which the sentence is to be served."). A federal sentence does not commence until the Attorney General receives a defendant into

3

custody for service of the federal sentence. Chambers v. Holland, 920 F. Supp. 618, 621 (M.D. Pa. 1996); U.S. v. Smith, 812 F. Supp. 368, 370 (E.D. N.Y 1993). In the context of concurrent sentences, " a federal sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served." [2] (Citations omitted). United States v. Flores, 616 F. 2d 840, 841 (5th Cir. 1980.)[3]  In light of the above, Petitioner's contention that his sentence started on May 24, 1994, the date of his arrest, is without merit.

### B. Award of Jail Time Credit

Next, Petitioner challenges the award of jail time credit by the BOP. Credit for time served is governed by 18 U.S.C. § 3585(b) which provides:

> (b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences- (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

The Supreme Court has held that under 18 U.S.C. §3585(b), "Congress made clear that a defendant could not receive double credit for his detention time." United States v. Wilson, 503 U.S. at 337. Under §3585(b), prior custody credit cannot be granted if the prisoner received credit toward another sentence. See United States v. Brown, 977 F.2d 574 (4th Cir. 1992); United States v. Goulden, 54 F.3d

---

[2]Petitioner's federal sentence was not imposed concurrent to his state sentence. See Judgment and Commitment Order, United States v. William Harry Donnelly, Criminal Action No. PJM-94-235 (D. Md. 1996). Paper No. 5, Exhibit 1, Attachment E.

[3]Although this Court is unaware of any published Fourth Circuit decisions on this question, in United States v. McLean, 867 F.2d 609 (4th Cir. 1989), the appellate court issued an unpublished opinion agreeing with the ruling in Flores, 616 F.2d at 841, and stated that "a federal sentence cannot commence prior to the date it is pronounced." 867 F.2d at 609.

4

774 (4th Cir. 1995); Dorsey v. Bodgen, 188 F. Supp. 2d 587, 590 (D. Md. 2002). See also, Program Statement 5880.28, Sentence Computation Manual (Setting forth BOP policy for calculating sentences pursuant to the statute).  Paper No. 5, Exhibit 1, Attachment G.

After the BOP determined Petitioner's sentence commenced on September 6, 1996, the BOP awarded Petitioner jail credit for the entire period he remained in federal custody prior to the start of his sentence, August 30, 1995 (the day he was taken into federal custody) through September 5, 1996 (the day prior to the commencement of his federal sentence).  In addition, Petitioner was credited for May 24, and May 25, 1994.  As noted above, Petitioner was not in custody on May 26, 1994. Therefore the only remaining period for which jail time credit is sought, May 27, 1994 (the date of arrest in Virginia) through August 29, 1995 (the date he was paroled from the Virginia sentence), is at issue.  Petitioner is not entitled to credit on his federal sentence for this period because this time had already been credited to his Virginia sentence.

## IV.  Conclusion

Accordingly, the petition for writ of habeas corpus is denied.  A separate Order shall be issued in accordance with this Memorandum.


May 5, 2005                                                                    /s/
                                                                    PETER J. MESSITTE
                                                            UNITED STATES DISTRICT JUDGE